UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LARRY CROSS,

                                                  Plaintiff,

                                          v.                                  6:04-CV-501
                                                                                   (FJS/GHL)

VILLAGE OF COOPERSTOWN,
OTSEGO COUNTY and DAVID WEST,

                                                  Defendants.
_____

**ATTORNEYS**                                        **OF COUNSEL**

**LARRY CROSS**
Whitesboro, New York 13492
Plaintiff *pro se*

**SMITH, SOVIK, KENDRICK &**          **JAMES W. CUNNINGHAM, ESQ.**
**SUGNET, P.C.**                         **GABRIELLE M. HOPE, ESQ.**
250 South Clinton Street, Suite 600
Syracuse, New York 13202-1252
Attorneys for Defendant Village of
Cooperstown

**KONSTANTY LAW OFFICE**          **JAMES E. KONSTANTY, ESQ.**
252 Main Street
Oneonta, New York 13820
Attorneys for Defendants Otsego
County and David West

**SCULLIN, Chief Judge**

## ORDER

        On November 14, 2005, Plaintiff filed a document entitled "Motion/Answer in Request to

Quash Defendant Village of Cooperstown Motion to Dismiss . . . Request for Permission to

Ammend [sic] and Extension of Time Due to Illness." *See* Dkt. No. 75. In response thereto, this

Court instructed Plaintiff that he

> must file with the Court and serve upon opposing counsel a signed affidavit from his treating physician(s) stating that Plaintiff cannot continue with this action at this time with <u>specific</u> reasons for this conclusion and a statement setting forth when Plaintiff will be able to continue with this action within <u>ten (10) days</u> of the date of this Order or the Court will deny his request to "quash" Defendant's motion to dismiss and will deny his request for an extension of time in which to respond to that motion without further Order.  If Plaintiff files said affidavit, the Court will consider his requests at that time.
>
> IT IS SO ORDERED.

*See* Dkt. No. 78 at 4.

Purportedly in compliance with the Court's instructions, Plaintiff filed a sealed letter with medical information on November 25, 2005.  *See* Dkt. No. 80.  The Court has reviewed Plaintiff's submission and concludes that it does **not** comply with the Court's instructions in several respects.  Specifically, the submission is **not** a "signed affidavit" from Plaintiff's treating physician.  *See id.*  Moreover, in the "note" that Plaintiff has submitted bearing his physician's signature, his physician does **not** state that Plaintiff cannot continue with this action nor does he set forth when Plaintiff would be able to continue with this action.  In fact, the "note" does little more than state that Plaintiff is under his care, that Plaintiff is ill, and that Plaintiff should rest and limit his activities.  *See id.*  Accordingly, in light of Plaintiff's total non-compliance with this Court's specific instructions regarding the information required, the Court hereby

**ORDERS** that Plaintiff's motion to "quash" Defendant Village of Cooperstown's motion to dismiss is **DENIED**; and the Court further

**ORDERS** that, in the interests of justice, Plaintiff shall be permitted one last extension of

time until **December 23, 2005**, in which to respond to Defendant Village of Cooperstown's motion to dismiss and Defendant Otsego County's motion to dismiss.

**IT IS SO ORDERED.**

Dated: December 6, 2005
       Syracuse, New York

                                                    Frederick J. Scullin, Jr.
                                                    Chief United States District Court Judge