UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LARRY CROSS,

                                      Plaintiff,

                      v.                                6:04-CV-501
                                                                          (FJS/GHL)

VILLAGE OF COOPERSTOWN, OTSEGO COUNTY
and DAVID WEST, Codes Officer for the
County of Otsego,

                                      Defendants.
_____

**APPEARANCES**                                     **OF COUNSEL**

**LARRY CROSS**
Whitesboro, New York 13492
Plaintiff *pro se*

**SMITH, SOVIK, KENDRICK**         **JAMES W. CUNNINGHAM, ESQ.**
**& SUGNET, P.C.**                     **GABRIELLE M. HOPE, ESQ.**
250 South Clinton Street, Suite 600
Syracuse, New York 13202-1252
Attorneys for Defendant Village
of Cooperstown

**KONSTANTY LAW OFFICE**         **JAMES E. KONSTANTY, ESQ.**
252 Main Street
Oneonta, New York 13820
Attorneys for Defendants Otsego
County and David West

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff filed a complaint on May 6, 2004, against Defendants Village of Cooperstown ("Village"), County of Otsego, and Codes Officer David West, alleging a number of claims

arising from Plaintiff's December 2000 arrest for local building-code violations. *See* Complaint Attachment ("Compl. Attach.") at ¶¶ 5-10. Currently before the Court are Defendants' motions to dismiss Plaintiff's action pursuant to Rules 16(f), 37(b)(2)(C), and 37(d) of the Federal Rules of Civil Procedure. Also before the Court is Plaintiff's motion to sanction Defendant Village of Cooperstown.

## II. BACKGROUND

Plaintiff was charged on or about December 19, 2000, with building-code violations and willful non-compliance with remedial orders concerning property located in the Village of Cooperstown, New York. *See id.* at ¶¶ 5-6. On May 9, 2001, the criminal charges against Plaintiff were dismissed. *See id.* at ¶¶ 9-10. He then filed a civil complaint in Otsego County Supreme Court on August 6, 2002, against the same parties named as defendants in the present matter. *See* Affidavit of Gabrielle Hope ("Hope Aff."), sworn to December 23, 2004, at Exhibit "A." All claims against Defendants in the New York Supreme Court proceedings are identical to those at issue in this case, save for the addition of a due process claim against Defendant Village alleging that its attorneys lied about their receipt of Plaintiff's Notice of Claim. *See id.* Specifically, Plaintiff asserted that Defendants "and neighbors conspired to bring the said charges as a punitive and vindictive reaction to plaintiff who refused to accept responsibility for a property which he did not own." *See* Compl. Attach. at ¶¶ 5-6; Hope Aff. at Exhibit "C." The state-court complaint was ultimately dismissed on May 18, 2004, because Plaintiff failed to comply with discovery requests, attend a court-ordered deposition, and respond to a demand for a bill of particulars. *See* Hope Aff. at Exhibit "C."

After Plaintiff filed this action on May 6, 2004, he properly served Defendants with a copy of the summons and complaint. *See* Return of Service dated September 9, 2004. However, Defendant Village failed to answer, and the Clerk of Court entered a notice of default against it on November 17, 2004. *See* Entry of Default dated November 17, 2004. Magistrate Judge Lowe subsequently granted Defendant Village's motion to vacate the entry of default pursuant to Rule 55(c), holding that the default was not willful and that permitting Defendant Village to file an answer would not prejudice Plaintiff because discovery had not yet begun. *See* Order Vacating Entry of Default dated March 14, 2005. Plaintiff did not respond to Defendant Village's Motion to Vacate the Entry of Default within the appropriate time frame. Only later, on April 19, 2005, did Plaintiff request an extension to appeal the order due to illness, which Magistrate Judge Lowe granted. *See* Letter Request and Order dated April 19, 2005.

This was not the first time Plaintiff had complained about an illness. He was scheduled to be deposed at the Konstanty Law Office on December 16, 2004. *See* Letter from James Konstanty dated January 20, 2005. In lieu of attendance, Plaintiff mailed a letter, which the Court received on December 16, 2004, requesting a ninety-day stay in the proceedings due to illness. *See* Letter Request and Order dated December 16, 2004. Magistrate Judge Lowe granted his request pending a valid physician's report, but he lifted the stay on January 24, 2005, after Plaintiff failed to produce adequate proof of his inability to proceed. *See* Letter Request and Order dated December 16, 2004; Order dated January 6, 2005; Letter from James Konstanty and Order dated January 24, 2005.

On March 14, 2005, Magistrate Judge Lowe scheduled a pretrial telephone conference for April 5, 2005. *See* Order dated March 14, 2005. However, on the date of the conference,

Plaintiff could not be reached at the phone number he had listed. *See* Affidavit of James Cunningham ("Cunningham Aff."), sworn to June 30, 2005, at ¶ 5. Plaintiff did not attempt to contact Defendants or Magistrate Judge Lowe's chambers to request an adjournment of the conference. *See* Order dated April 6, 2005. As a result, Magistrate Judge Lowe issued an Order placing Plaintiff on notice that, if he failed to comply with discovery requests and deadlines set forth in the Uniform Pretrial Scheduling Order, the Court would consider a motion for sanctions, including the striking of pleadings or dismissal of the complaint. *See id.* Again, on May 27, 2005, Magistrate Judge Lowe issued an Order setting a telephone conference for June 7, 2005. *See* Order dated May 27, 2005. Plaintiff failed to appear for that conference and could not be reached by telephone. *See* Cunningham Aff. at ¶ 7. Magistrate Judge Lowe then ordered Plaintiff's deposition to go forward on June 22, 2005, at the United States Courthouse in Syracuse, which Plaintiff also failed to attend. *See* Deposition of Larry Cross dated June 22, 2005, at 3.

Plaintiff requested a 120-day stay on October 19, 2005, asserting as before that his medical condition prevented his participation in this matter. *See* Plaintiff's Motion dated October 19, 2005, at ¶ 2. The Court denied his request but granted him one extra week to respond to the pending motions to dismiss. *See* Order dated October 25, 2005. Following the Court's October 25, 2005 Order, Plaintiff requested an extension of time due to illness in a variety of forms on November 1, November 9, and November 14, 2005. *See* Plaintiff's Motion dated November 1, 2005, at ¶¶ 2, 4, 8; Appeal of Magistrate Judge's Decision at ¶¶ 2-5; Plaintiff's Motion dated November 14, 2005, at ¶¶ 1, 8, 9. In response to these requests, on November 16, 2005, the Court ordered Plaintiff to provide an affidavit from his treating

physician detailing why he could not proceed with his case. *See* Order dated November 16, 2005. Despite the fact that Plaintiff failed to submit a physician's affidavit or any other proof that he could not continue the action, the Court granted Plaintiff "one last extension of time" until December 23, 2005, to permit him to respond to Defendants' motions to dismiss. *See* Order dated December 6, 2005.

### III. DISCUSSION

**A.      Defendants' motions to dismiss under Rules 16(f), 37(b)(2), and 37(d)**

Under Rule 37(b)(2), the district court may impose sanctions on a party who fails "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Similarly, Rule 37(d) permits the court to sanction a party who fails to appear at a deposition; and Rule 16(f) permits the court to sanction a party for failure to attend a scheduling or pretrial conference. *See* Fed. R. Civ. P. 37(d); Fed. R. Civ. P. 16(f). These rules provide for a wide array of sanctions, including dismissal of the plaintiff's action. *See* Fed. R. Civ. P. 37(b)(2)(C). The standard for imposing the sanction of dismissal, which affords the district court broad discretion in making its determination, *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976), is the same under Rules 16(f), 37(b)(2)(C), and 37(d). *See* Fed. R. Civ. P. 16(f) advisory committee notes; *Debo v. Thompson*, No. 9:05-CV-573, 2007 WL 2667982, *3 (N.D.N.Y. Sept. 6, 2007). In the present case, Rule 16(f) applies to Plaintiff's failure to appear at two pretrial telephone conferences; Rule 37(b)(2)(C) applies to Plaintiff's failure to attend the court-ordered deposition; and Rule 37(d) applies to Plaintiff's failure to attend the December 4, 2004 deposition at the Konstanty Law Office.

Since dismissal of a plaintiff's complaint is the most severe sanction available, the district court should impose this sanction only in extreme situations. *See Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) (citation omitted). Therefore, when considering dismissal — especially involving a *pro se* plaintiff — the court must ensure that (1) the plaintiff's non-compliance rose to the level of "'wilfulness, bad faith, or [his own] fault,'" *Nat'l Hockey League*, 427 U.S. at 640 (quotation omitted); (2) less drastic alternatives to dismissal were not available or were not likely to be effective; and (3) the party whose case is in danger of dismissal has been apprised of that possibility, *see Bobal*, 916 F.2d at 764.

### 1. *Plaintiff's willfulness, bad faith, or fault*

A party acts willfully when he has understood the court's orders and his non-compliance is not due to factors beyond his control. *See Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852-53 (2d Cir. 1995); *see also Nat'l Hockey League*, 427 U.S. at 640 (quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S. Ct. 1087, 1096, 2 L. Ed. 2d 1255 (1958)).

Plaintiff contends that he did not act willfully because he was ill and his physician advised him not to participate in the scheduled depositions and conferences. *See* Plaintiff's Response at ¶¶ 2, 3, 13. However, he has not submitted a physician's note or any other evidence suggesting that he could not participate in the proceedings, although the Court provided him with many opportunities to do so. Since Plaintiff cannot refute that it was wholly within his power to attend the depositions and conferences, his decision not to comply with the orders was willful. *See Bambu Sales, Inc.*, 58 F.3d at 853 (finding willfulness where a party argued that an illness prevented compliance with discovery but could not substantiate its claim with "a statement from

any doctor that [its officer] had actually suffered a heart attack, much less that his activities were restricted after [the date of the court's order to compel discovery]").

Plaintiff's claims that he had no access to the Court's electronic filing system or to documents in the possession of his former attorney are also without merit. Since Plaintiff is a *pro se* litigant, the Court has mailed all court orders to him at the postal address he provided to the Court. The very fact that Plaintiff has responded with a multitude of filings to most of the motions and orders in this matter verifies that he has received these documents. Moreover, Plaintiff does not identify any specific documents he has not received or in what way this has prejudiced his ability to follow discovery orders.

### 2. Less drastic alternatives to dismissal

The district court may grant dismissal if it has explored less drastic options, such as allowing additional time to comply with the discovery orders, informing the party of ways to comply with court orders, and warning the party of possible dismissal. *See Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990). Where non-compliance has been continuous and has prevented all areas of discovery necessary for defense or prosecution of the action, dismissal is the most appropriate sanction. *See Mitchell v. Harriman,* No. 9:04-cv-937, 2007 WL 499619, *2 (N.D.N.Y. Feb. 13, 2007); *Davidson v. Dean*, 204 F.R.D. 251, 256-57 (S.D.N.Y. 2001) (holding that the plaintiff's "failure to be deposed concerning any aspect of his case . . . impaired discovery concerning every aspect of liability and damages, and the sanction should be equally as broad").

The Court has been indulgent with respect to Plaintiff's requests for extensions of time. On the day that Plaintiff was supposed to appear at the Konstanty Law Office for a deposition, the Court granted him a stay pending proof of his illness. After Plaintiff failed to participate in the first conference call, the Court warned him about possible sanctions and went ahead with scheduling in his absence. Despite Plaintiff's two subsequent failures to follow court orders, the Court took no action against Plaintiff of its own accord. Instead, the Court gave Plaintiff further opportunities to submit evidence of his medical condition, which he did not do.

Furthermore, Plaintiff's failure to submit to depositions has prevented Defendants from even beginning to gather the evidence necessary to construct a defense. Plaintiff's history of delinquency in this matter dates back to his action in New York State court, which was dismissed in May 2004 because he failed to comply with various discovery demands. *See Lee v. Trans Union LLC,* No. 06 Civ. 4003, 2007 WL 1098697, *3 n.1 (S.D.N.Y. Apr. 9, 2007) (indicating that the court could consider instances of dilatory conduct in prior cases in imposing sanctions if those instances establish a pattern of failing to abide by court orders). Plaintiff's obstruction in this case has been complete and continuous, demonstrating that no less drastic alternatives would be effective in curing his dilatory conduct.

### 3. *Warning of possible dismissal*

Magistrate Judge Lowe adequately notified Plaintiff of the possibility of dismissal when he issued an Order warning Plaintiff that, if he failed to comply with discovery requests and deadlines, the Court would consider sanctions, "including the sanction of dismissal of the complaint." *See* Order dated April 6, 2005.

In sum, the Court finds that (1) Plaintiff's failure to attend the depositions and conferences was willful, (2) no less drastic alternatives would alter his conduct, and (3) he has been warned of the possibility of dismissal. Accordingly, the Court grants Defendants' motions to dismiss Plaintiff's complaint with prejudice.

### 4. Attorney's fees and costs

Rules 16(f), 37(b)(2), and 37(d) require that the delinquent party pay "reasonable expenses, including attorney's fees . . . unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 37(d). Although it is unjust to award attorney's fees against a plaintiff proceeding *pro se in forma pauperis* where the plaintiff's dereliction is the result of circumstances beyond his control, *see Brown v. Wright*, No. 9:05-CV-82, 2007 WL 1237677, *2-*3 (N.D.N.Y. Apr. 27, 2007) (citations omitted), a court may assess fees against *pro se* plaintiffs who do not proceed *in forma pauperis* and who act willfully, *see, e.g., Lee*, 2007 WL 1098697, at *3 (ordering *pro se* plaintiff to pay expenses caused by his failure to comply with two court orders); *Tenen v. Winter*, No. 94-934S, 1996 WL 947560, *6 (W.D.N.Y. July 23, 1996) (ordering *pro se* defendant to pay expenses caused by his failure to attend depositions in lieu of harsher sanctions). Since the Court denied Plaintiff's *in forma pauperis* application, *see* Order dated May 25, 2004, at 2, and he acted willfully, an award of reasonable expenses is appropriate in this case. Therefore, the Court awards Defendants reasonable expenses, including attorney's fees, for any costs they incurred as a direct result of Plaintiff's failure to appear for two court-ordered telephone conferences scheduled for April 5, 2005, and June 7, 2005, and two

depositions scheduled for December 16, 2004, and June 22, 2005.[1]

B.    **Plaintiff's objection to Magistrate Judge Lowe's Order vacating entry of default**

Plaintiff states in his response to Defendants' motions to dismiss that "A VALID ENTRY OF DEFAULT WAS FILED. A DEFAULT JUDGMENT SHOULD BE ALLOWED AGAINST DEFENDANT VILLAGE OF COOPERSTOWN. THEY SHOULD NOT BE INVOLVED ANY FURTHER IN THIS ACTION." *See* Plaintiff's Response at ¶ 14. Plaintiff appears to argue that attorneys for Defendant Village were lying when they claimed that their delayed response to Plaintiff's Notice of Claim was due to a clerical error. *See id.* at ¶¶ 7-9. Since Plaintiff is a *pro se* litigant, the Court construes his response liberally, "to raise the strongest arguments that [it] suggest[s]." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citation omitted). Accordingly, the Court treats Plaintiff's response as raising an objection to Magistrate Judge Lowe's March 14, 2005 Order vacating entry of default.[2]

A district court may only modify or set aside a magistrate judge's order if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A magistrate judge's "'finding is "clearly

---

[1] At this time, the Court cannot determine the amount of this award because Defendants have not submitted the necessary documentation to support such an award. Once they have done so, and Plaintiff has filed any objections he may have, the Court will determine the appropriate amount of the award and will instruct the Clerk of the Court to amend the judgment accordingly.

[2] Rules 72(a) and 6(e) of the Federal Rules of Civil Procedure provide that a party filing an objection to a magistrate judge's nondispositive order must do so within thirteen days after being served by regular mail. *See* Fed. R. Civ. P. 72(a); Fed. R. Civ. P. 6(e); *see also* N.D.N.Y. R. 72.1(b). However, the Court will consider Plaintiff's objection at this time in view of his *pro se* status and apparent confusion concerning the appropriate forum for an appeal of a magistrate judge's order. *See Schwartz v. Capital Liquidators, Inc.*, No. 87 CIV. 3418, 1988 WL 45624, *1 (S.D.N.Y. May 2, 1988) (considering a plaintiff's untimely objections under Rule 72(a) because he appeared *pro se*).

erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (quotation omitted). An order may be "contrary to law" if "'it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Mitchell v. Goord,* No. 9:03-CV-19, 2005 WL 701096, *2 (N.D.N.Y. Mar. 21, 2005) (quotation omitted).

In determining whether to set aside a default under Rule 55(c), a court should consider "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted). A court should generally resolve any doubt about whether vacatur is warranted in favor of the movant. *See id.*

Magistrate Judge Lowe considered all of the relevant factors and determined that the default was not willful. *See* Order dated March 14, 2005, at 2. Furthermore, Magistrate Judge Lowe found that vacatur would not prejudice Plaintiff because there had been "no discovery in the case and a stay of the proceedings was in effect for a period of time at [P]laintiff's request." *See id.* Magistrate Judge Lowe also found that Defendant Village raised defenses that were arguably meritorious. *See id.* This application of the law is consistent with the decisions of this Circuit. *See, e.g., Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (finding that the defendant did not act willfully when it failed to answer the plaintiff's complaint as a result of a filing mistake by its in-house counsel's clerk); *Raheim v. N.Y. City Health & Hosps. Corp.*, No. 96-CV-1045, 2007 WL 2363010, *5 (E.D.N.Y. Aug. 14, 2007) (finding no prejudice where the trial had not yet occurred and had been previously adjourned because of the

plaintiff's requests for additional time to prepare); *Argent v. Office of Pers. Mgmt. of U.S.*, No. 96 Civ. 2516, 1997 WL 278115, *5 (S.D.N.Y. May 22, 1997) (vacating default despite no meritorious defense because there was no willfulness by defendant, nor prejudice to plaintiff). Based on these well-established principles, the Court finds that Magistrate Judge Lowe's March 14, 2005 Order was not clearly erroneous and denies Plaintiff's request to set aside that Order.

C.  **Plaintiff's motion to sanction Defendant Village**

Plaintiff contends that Defendant Village made two misrepresentations: (1) claiming in an affidavit in the New York State Supreme Court action that Plaintiff never presented it with a Notice of Claim and (2) claiming in the present action that its delayed response to Plaintiff's complaint was inadvertent and caused by a filing error. *See* Plaintiff's Motion dated November 25, 2005, at ¶¶ 2-4. Although Plaintiff's motion does not articulate a specific rule or statute under which sanctions would lie, the Court construes this as a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure because it alleges misrepresentations made in court documents.

At the outset, the Court notes that denial of Plaintiff's Rule 11 motion is appropriate given that he has not allowed Defendants a twenty-one-day "safe harbor" before filing his motion with the Court. *See* Fed. R. Civ. P. 11(c)(1)(A); *Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370, 389 (2d Cir. 2003) (holding that, where a party was not forewarned of the specific statements forming the basis of possible sanctions or given an opportunity to withdraw those statements, the district court cannot impose sanctions under Rule 11). However, even if Plaintiff had satisfied Rule 11's procedural requirements, there is no merit to his claims. First, any misrepresentations

that Defendant Village allegedly made in the state-court proceedings cannot form the basis for sanctions in this Court. Second, Plaintiff has not come forward with any evidence that Defendant Village lied in its submissions. Accordingly, the Court denies Plaintiff's motion to sanction Defendant Village.

### IV. CONCLUSION

After carefully reviewing the entire file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendants' motions to dismiss this action are **GRANTED**; and the Court further

**ORDERS** that Plaintiff's appeal of Magistrate Judge Lowe's March 14, 2005 Order is **DENIED**; and the Court further

**ORDERS** that Plaintiff's motion to sanction Defendant Village pursuant to Rule 11 of the Federal Rules of Civil Procedure is **DENIED**; and the Court further

**ORDERS** that Defendants' motions for an award of reasonable expenses, including attorney's fees, pursuant to Rule 37 of the Federal Rules of Civil Procedure, is **GRANTED**; and the Court further

**ORDERS** that Defendants shall file and serve contemporaneous time records on or before **NOVEMBER 26, 2007**, detailing the expenses they incurred as a direct result of Plaintiff's misconduct; and the Court further

**ORDERS** that, if Plaintiff objects to the amount of expenses that Defendants seek, he shall file and serve his objections thereto on or before **DECEMBER 14, 2007**; and the Court

further

   **ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants, dismissing this action with prejudice.

**IT IS SO ORDERED.**

Dated: November 2, 2007
Syracuse, New York

                       Frederick J. Scullin, Jr.
                       Senior United States District Court Judge